## W. J. DILLNER TRANSFER CO. v. NATIONAL FURNITURE WAREHOUSEMEN'S ASS'N et al.

### Civil Action No. 3608.

District Court, W. D. Pennsylvania.

Jan. 19, 1944.

Ernie Adamson, of Pittsburgh, Pa., for plaintiff.

Thorp, Bostwick, Reed & Armstrong and Clyde A. Armstrong, all of Pittsburgh, Pa., and Erwin W. Roemer and James A. Velde, both of Chicago, Ill., for defendants.

GIBSON, District Judge.

The plaintiff has demanded a judgment against the defendants wherein, inter alia, it is ordered that the "joint adventure" of the defendants and plaintiff in Allied Van Lines, Inc., be terminated and dissolved, and that a receiver be appointed "to take possession of, hold, vote and manage * * * all the shares of capital stock and all assets and property of the joint adventure known as defendant, Allied Van Lines, Inc., and in due course to sell said shares of capital stock at public or private sale as the court may direct and to distribute all net funds derived from the sale, to the several joint adventurers entitled thereto."

The defendants have moved the court to dismiss the complaint on the following grounds:

First: This court lacks jurisdiction over both the subject matter and the defendants.

Second: This court is not a court of proper venue.

Third: Plaintiff fails to state any claim upon which relief can be granted.

From the complaint it appears that the complainant is a Pennsylvania corporation, that defendant, National Furniture Warehousemen's Association, is a voluntary trade association consisting of about six hundred members domiciled "in New York, Ohio, and the several states of the Union." The complainant is alleged to be a member of said association.

Defendant Charles J. Blanck, 6344 Penn Avenue, Pittsburgh, Pennsylvania, is asserted to be treasurer of the said Association.

Defendant Edward C. A. Werner, is also a member of said association and is located at 1917 Brownsville Road, Carrick, Pittsburgh, Pennsylvania. He is an agent of Allied Van Lines, Inc., designated to accept service of process.

Defendant Allied Van Lines, Inc., is asserted to be a Delaware corporation, and was the object and result of the joint adventure. Its stock is held in trust for the members of the adventure by the National Furniture Warehousemen's Association. The plaintiff is alleged to be one of the members having an interest therein. The reasonable and fair market value of the outstanding shares is alleged to be more than $3,000, "and under certain conditions, the value will be approximately $2,000,000.-00." Where its property and assets are located does not appear in the complaint, but in an answer to a rule to show cause filed by defendants, its main office is said

to be in Chicago. The Allied Van Lines, Inc., was organized to cooperate with all members of the National Furniture Warehousemen's Association in improving handling and storage of household goods and to provide for return loads of furniture, etc., whenever possible.

In the complaint the defendants are all charged with improper handling of the affairs of Allied Van Lines, Inc., but nowhere is it stated that the corporation is insolvent or that insolvency is threatened.

From the complaint it appears that action is brought by a Pennsylvania resident corporation against two residents of Pennsylvania, a voluntary association, some of whose members are resident in Pennsylvania, with nobody named to represent them in the action, and a foreign corporation into whose internal affairs the court is asked to interject itself.

The only ground of jurisdiction asserted is diversity of citizenship, which is no foundation at all in the present action. Counsel for complainant has contended that National Furniture Warehousemen's Association and Charles J. Blanck are non-essential parties. With this position the court finds itself unable to agree, as each is alleged to be a cog in what is substantially a conspiracy. For lack of jurisdiction, if for no other reason, the motion to dismiss must be allowed. Also, insolvency or threatened insolvency not being claimed, no proper reason exists for this court to involve itself in the internal affairs of a foreign corporation.